OPINION
{¶ 1} Appellant Justin E. Garber appeals his felony sentence in the Ashland County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} On July 25, 2005, appellant appeared before the trial court for sentencing, having previously pled guilty to two counts of unlawful sexual conduct with a minor. Both counts were felonies of the fourth degree. On August 25, 2005, the trial court issued a judgment entry sentencing appellant to sixteen months in prison on each count, with count two to be served concurrently with count one.
 {¶ 3} On September 26, 2005, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 4} "I. THE IMPOSITION OF A PRISON SENTENCE LONGER THAT (SIC) THE MINIMUM SENTENCE IS UNCONSTITUTIONAL IN THIS CASE."
 I. {¶ 5} In his sole Assignment of Error, appellant challenges his "more than minimum" felony sentence under Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403.
 {¶ 6} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional, in light of Blakely,
supra, because said provisions required judicial factfinding to exceed the sentence allowed simply as a result of a conviction or plea. These included the provision for a more than minimum sentence under R.C. 2929.14(B).
 {¶ 7} To remedy Ohio's felony sentencing statutes, the Ohio Supreme Court severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at ¶ 97. The Court concluded "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 8} We thus find appellant's sentencing is based upon at least one unconstitutional statutory provision now deemed void. Therefore, we are persuaded under these circumstances to remand this matter to the trial court for a new sentencing hearing.
 {¶ 9} Appellant's sole Assignment of Error is sustained.
 {¶ 10} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Ashland County, Ohio, is reversed in part and remanded for a new sentencing hearing.
Wise, P.J. Gwin, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split evenly between Appellant and the State of Ohio.